IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HICA EDUCATION LOAN CORPORATION,

        Plaintiff,                    No. 2:11-cv-02964 JAM KJN PS

    v.

JAMES C. ADAMS,

        Defendant.              <u>ORDER</u>

        /

On February 2, 2012, this matter was before the undersigned for a status (pretrial scheduling) conference.[1]  Attorney Leland Moglen, who is not counsel of record in this case, "specially" appeared on plaintiff's behalf.  Defendant, who is proceeding without counsel, appeared and represented himself.

At the scheduling conference, the undersigned raised *sua sponte* a concern regarding the existence of proper federal subject matter jurisdiction over plaintiff's claim.[2]  The parties' Joint Initial Status Report asserts that this court can exercise diversity jurisdiction over

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

[2] The court has an independent obligation to inquire into its own subject matter jurisdiction. See, e.g., Bova v. City of Medford, 564 F.3d 1093, 1095 (9th Cir. 2009).

1

plaintiff's claim pursuant to 28 U.S.C. § 1332(a).  (Joint Initial Status report at 2, Dkt. No. 8.) However, upon review of the complaint, and particularly after comparing the seemingly contradictory allegations in paragraphs 5 and 11, the court cannot presently conclude that the amount in controversy exceeds $75,000.  (<u>Compare</u> Compl. ¶ 5 (indicating a total principal loan amount of $43,889), <u>with</u> <u>id.</u> ¶ 11 (indicating a total principal loan amount of $91,538.47).) Accordingly, it is unclear whether diversity jurisdiction is proper.  Although the undersigned asked Mr. Moglen about the apparent discrepancy, it was clear that Mr. Moglen knew nothing about the substance of plaintiff's claim and was thus of no assistance.  The court cautions plaintiff's counsel, John D. Guerrini of the Guerrini Law Firm, that if he again sends a representative as unprepared and uninformed to appear before the undersigned, Mr. Guerrini will be personally sanctioned.  Mr. Moglen was similarly warned at the conference.

      Accordingly, as indicated at the scheduling conference, IT IS HEREBY ORDERED that on or before February 10, 2012, plaintiff shall file with the court, and serve on plaintiff, a statement of damages or other statement substantiating that the amount in controversy exceeds $75,000, or stating some other basis for this court's subject matter jurisdiction.[3]

      IT IS SO ORDERED.

DATED:  February 2, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[3] Plaintiffs' complaint asserts that the court alternatively has federal question jurisdiction over plaintiff's claim pursuant to 28 U.S.C. § 1331. (Compl. ¶ 3.) However, it is not clear from the complaint that such is the case, and the parties status report does not stand by that jurisdictional allegation.