IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HICA EDUCATION LOAN
CORPORATION,

        Plaintiff,                 No. 2:11-cv-02964 JAM KJN PS

    v.

JAMES C. ADAMS,

        Defendant.           STATUS (PRETRIAL SCHEDULING) ORDER

_____/

       READ THIS ORDER CAREFULLY.  IT CONTAINS IMPORTANT DATES THAT THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND PARTIES MUST COMPLY.[1]  FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER SANCTIONS WITHIN THE POWER OF THE COURT, INCLUDING DISMISSAL OR AN ORDER OF JUDGMENT.

       On February 2, 2012, the case was before the undersigned for a status (pretrial scheduling) conference.  Attorney Leland Moglen, who is not counsel of record in this case, "specially" appeared on plaintiff's behalf.  Defendant, who is proceeding without counsel,

_____

[1]  This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

appeared and represented himself.  In consideration of the Joint Initial Status Report filed on

January 13, 2012 (Dkt. No. 8), the court enters the following scheduling order:

NATURE OF CASE

This action concerns plaintiff's attempt to collect alleged unpaid principal,

interest, and late charges in connection with several student loans made to defendant.

SERVICE OF PROCESS

Service of process is undisputed, and defendant has filed an answer to plaintiff's

complaint (Dkt. No. 6.)

JOINDER OF PARTIES/AMENDMENTS

No further joinder of parties or amendments to pleadings will be permitted except

with leave of court and upon a showing of good cause.

JURISDICTION/VENUE

Jurisdiction is undisputed by the parties, and the parties' status report asserts that

subject matter jurisdiction is premised on the diversity of the parties.  28 U.S.C. § 1332(a).

However, upon review of the complaint, and particularly paragraphs 5 and 11, the court cannot

conclude that the amount in controversy exceeds $75,000.[2]  Accordingly, the undersigned will

order plaintiff, by separate order, to promptly file a statement of damages substantiating that the

amount in controversy exceeds $75,000, or stating some other basis for this court's jurisdiction.

The remainder of this scheduling order assumes proper subject matter jurisdiction.

Assuming proper subject matter jurisdiction, the parties do not contest venue in

this district, and venue in this district is found to be proper.  See 28 U.S.C. § 1391(b)(1).

MOTION HEARING SCHEDULES

All law and motion, except as to discovery-related matters, shall be *completed* by

June 28, 2012.  The word "completed" in this context means that all law and motion matters

---

[2]  The court has an independent obligation to inquire into its own subject matter jurisdiction.
See, e.g., Bova v. City of Medford, 564 F.3d 1093, 1095 (9th Cir. 2009).

must be *heard* by the above date.  Counsel (and/or pro se parties)[3] are cautioned to refer to the Local Rules regarding the requirements for noticing such motions on the court's regularly scheduled law and motion calendar.  This paragraph does not preclude motions for continuances, temporary restraining orders or other emergency applications, and is subject to any special scheduling set forth in the "MISCELLANEOUS PROVISIONS" paragraph below.

The parties should keep in mind that the purpose of law and motion is to narrow and refine the legal issues raised by the case and to dispose of by pretrial motion those issues that are susceptible to resolution without trial.  To accomplish that purpose, the parties need to identify and fully research the issues presented by the case, and then examine those issues in light of the evidence obtained through discovery.  If it appears to counsel after examining the legal issues and facts that an issue can be resolved by pretrial motion, counsel are to file the appropriate motion consistent with the law and motion cutoff set forth above.

ALL PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY PRETRIAL MOTION.  Counsel are reminded that motions in limine are procedural devices designed to address the admissibility of evidence.  COUNSEL ARE CAUTIONED THAT THE COURT WILL LOOK WITH DISFAVOR UPON SUBSTANTIVE MOTIONS PRESENTED UNDER THE GUISE OF MOTIONS IN LIMINE AT THE TIME OF TRIAL.

DISCOVERY

To the extent that the parties have not already exchanged initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1), they shall exchange such initial disclosures on or before February 17, 2012.

All discovery shall be *completed* by May 18, 2012.  The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and,

---

[3] Any reference to "counsel" in this order includes parties appearing without counsel, otherwise referred to as appearing in propria persona or pro se.

1   where discovery has been ordered, the order has been complied with.  Motions to compel

2   discovery must be noticed on the undersigned's law and motion calendar in accordance with the

3   Local Rules and must be *heard* not later than May 3, 2012.  The parties are reminded that

4   discovery-related motions must conform to the requirements of the Federal Rules of Civil

5   Procedure and this court's Local Rules, including Local Rule 251.

6   EXPERT DISCLOSURES

7           The parties are to designate in writing and file with the court, and serve upon all

8   other parties, the names of all experts they propose to tender at trial, pursuant to the following

9   schedule: initial expert disclosures shall be made on or before March 30, 2012; rebuttal expert

10  disclosures, if any, shall be made on or before April 30, 2012.

11          An expert witness not appearing on such lists will not be permitted to testify

12  unless the party offering the witness demonstrates: (a) that the necessity of the witness could not

13  have been reasonably anticipated at the time the lists were exchanged; (b) the court and opposing

14  counsel were promptly notified upon discovery of the witness; and (c) that the witness was

15  promptly proffered for deposition.  Failure to provide the information required along with the

16  expert designation may lead to preclusion of the expert's testimony or other appropriate

17  sanctions.

18          For the purposes of this scheduling order, experts are defined as "percipient" and

19  "Rule 26" experts.  Both types of experts shall be listed.  Percipient experts are persons who,

20  because of their expertise, have rendered expert opinions in the normal course of their work

21  duties or observations pertinent to the issues in the case.  Another term for their opinions are

22  "historical opinions."  Percipient experts are experts who, unless also designated as Rule 26

23  experts, are limited to testifying to their historical opinions and the reasons for them.  That is,

24  they may be asked to testify about their opinions given in the past and the whys and wherefores

25  concerning the development of those opinions.  However, they may not be asked to render a

26  current opinion for the purposes of the litigation.

4

1   Rule 26 experts, who may also be percipient experts, shall be specifically

2   designated by a party to be a testifying expert for the purposes of the litigation.  A Rule 26 expert

3   may express opinions formed for the purposes of the litigation.  A party designating a Rule 26

4   expert will be assumed to have acquired the express permission of the witness to be so listed.

5   The parties shall comply with the information disclosure provisions of Federal

6   Rule of Civil Procedure 26(a)(2) for any expert, who is in whole or in part designated as a

7   Rule 26 expert.  This information is due at the time of designation.  Failure to supply the required

8   information may result in the Rule 26 expert being stricken.  All Rule 26 experts are to be fully

9   prepared to render an informed opinion at the time of *designation* so that they may fully

10  participate in any deposition taken by the opposing party.  Rule 26 experts will not be permitted

11  to testify at trial as to any information gathered or evaluated, or opinion formed, which should

12  have been reasonably available at the time of designation.  The court will closely scrutinize for

13  discovery abuse opinions offered at deposition that differ markedly in nature and/or in bases from

14  those expressed in the mandatory information disclosure.

15  FINAL PRETRIAL CONFERENCE

16  The final pretrial conference is set before United States District Judge John A.

17  Mendez on August 24, 2012, at 11:00 a.m., in Courtroom No. 6.  Counsel are cautioned that

18  counsel appearing at the pretrial conference will in fact try the matter.  Counsel for all parties are

19  to be fully prepared for trial at the time of the pretrial conference, with no matters remaining to

20  be accomplished except production of witnesses for oral testimony.  Counsel are referred to

21  Local Rules 281 and 282 relating to pretrial statements and conferences.  A FAILURE TO

22  COMPLY WITH LOCAL RULES 281 AND 282 WILL BE GROUNDS FOR SANCTIONS.

23  Notwithstanding Local Rule 281, the parties shall submit a *joint pretrial statement*

24  not later than fourteen (14) days prior to the pretrial conference.  The joint pretrial statement shall

25  conform with the requirements of Local Rule 281(b).  The undisputed facts and disputed factual

26  issues shall be set forth in two separate sections.  The parties should identify those facts which

5

are relevant to each separate cause of action.  In this regard, the parties are to number each

individual fact or factual issues.  Where the parties are unable to agree as to what factual issues

are properly before the court for trial, they should nevertheless list in the section on "DISPUTED

FACTUAL ISSUES" all issues asserted by any of the parties and explain by parenthetical the

controversy concerning each issue.  The parties should keep in mind that, in general, each fact

should relate or correspond to an element of the relevant cause of action.  The parties should also

keep in mind that the purpose of listing the disputed factual issues is to apprise the court and all

parties about the precise *issues* that will be litigated at trial.  The court is not interested in a

listing of all evidentiary facts underlying the issues that are in dispute.[4]  The joint statement of

undisputed facts and disputed factual issues is to be filed with the court concurrently with the

filing of the joint pretrial statement.

Pursuant to Local Rule 281(b), the parties are required to provide with their

pretrial statement a list of witnesses and exhibits that they propose to proffer at trial, no matter

for what purpose.  These lists shall *not* be contained in the pretrial statement itself, but shall be

attached as separate documents to be used as addenda to the final pretrial order.  Plaintiff's

exhibits shall be listed numerically; defendants' exhibits shall be listed alphabetically.  The

pretrial order will contain a stringent standard for the proffering of witnesses and exhibits at trial

not listed in the pretrial order.  Counsel are cautioned that the standard will be strictly applied.

On the other hand, the listing of exhibits or witnesses which counsel do not intend or use will be

viewed as an abuse of the court's processes.

Counsel (and pro se parties) are reminded that, pursuant to Federal Rule of Civil

Procedure 16, it will be their duty at the pretrial conference to aid the court in: (a) formulation

and simplification of issues and the elimination of meritless claims or defenses; (b) settling of

facts that should be properly admitted; and (c) avoidance of unnecessary proof and cumulative

---

[4]  However, with respect to the listing of undisputed facts, the court will accept agreements as to evidentiary facts.

1   evidence.  The parties must prepare their joint pretrial statement and participate in good faith at

2   the pretrial conference with these aims in mind.  A FAILURE TO DO SO MAY RESULT IN

3   THE IMPOSITION OF SANCTIONS, which may include monetary sanctions, orders precluding

4   proof, eliminations of claims or defenses, or such other sanctions as the court deems appropriate.

5   TRIAL SETTING

6          A jury trial is set to commence before Judge Mendez on October 15, 2012, at 9:00

7   a.m., in Courtroom No. 6.  The court anticipates that the trial will take approximately one day.

8   SETTLEMENT CONFERENCE & VOLUNTARY DISPUTE RESOLUTION PROGRAM

9          In their Joint Initial Status Report, the parties requested an early settlement

10  conference to take place in February 2012.  The parties are directed to file with the court a

11  written stipulation to participate in a proposed settlement conference.  The parties shall conduct

12  any settlement conference before a magistrate judge other than the undersigned unless the parties

13  stipulate to the undersigned acting as the settlement judge and also file written waivers of any

14  disqualification by virtue thereof.  The parties shall file settlement conference statements drafted

15  in conformity with Local Rule 270 no later than fourteen days before any settlement conference.

16         The court's Voluntary Dispute Resolution Program ("VDRP") is unavailable

17  unless all parties are represented by an attorney.  See E. Dist. Local Rule 271(a)(2).  As

18  defendant is proceeding pro se, no referral to VDRP may be made at this time.

19  MISCELLANEOUS PROVISIONS

20         The parties are reminded that pursuant to Federal Rule of Civil Procedure

21  16(b)(4), this order shall not be modified except by leave of court upon a showing of "good

22  cause."  See, e.g., Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).  The

23  parties and counsel are cautioned that changes to any of the scheduled dates might result in

24  changes to all other dates.  Thus, even where good cause has been shown, the court will not grant

25  a request to change the discovery cutoff date without modifying the pretrial and trial dates.

26         Mere agreement by the parties pursuant to a stipulation does not constitute good

7

1   cause.  Nor does the unavailability of witnesses or counsel, except in extraordinary

2   circumstances, constitute good cause.

3                    IT IS SO ORDERED.

4   DATED:  February 3, 2012

5

6                                        _____

7                                        KENDALL J. NEWMAN
                                         UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26